**E-FILED**
Thursday, 26 April, 2012  03:50:08 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS KARMATZIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3373 |
| | ) | |
| S.A. GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, pursues claims arising from a lack of medical care and retaliation for filing grievances.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the

misconduct alleged . . . .  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550

U.S. at 555-56.  However, pro se pleadings are liberally construed when

applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.

2009).

## ALLEGATIONS

At the merit review hearing on December 7, 2011 the Court

directed Plaintiff to file an amended complaint.  In response, Plaintiff

filed an "Amended Statement to Claim," which the Court construes as an

Amended Complaint.  Plaintiff has been advised several times that his

amended complaint would supersede his original complaint in its

entirety.  Accordingly, the Court considers only the allegations in

Plaintiff's amended complaint and the exhibits submitted with that

amended complaint.

Plaintiff alleges that he is a disabled veteran.  Over 200 centimeters of his intestines have been removed, along with the right side of his colon.  He also suffers liver, gallbladder, and kidney damage; a fused spinal disc; chronic problems with his left hip and knee; and nodules in his lungs that allegedly need immediate investigation.

In January, 2011 Plaintiff was incarcerated in Stateville Correctional Center.  An unidentified doctor at Stateville Correctional Center allegedly denied Plaintiff a soy-free diet and medications for his pain, vomiting, and diarrhea.

In February, 2011 Plaintiff was transferred to Western Illinois Correctional Center.  He was allegedly "very sick, vomiting, in pain, and bleed[ing] in [his] stool and urine."  (Amended Complaint, p. 2).  His complaints were ignored by unidentified persons.

On February 21, 2011 Plaintiff was transferred to Lawrence Correctional Center, where he was again refused necessary medical treatment by unidentified persons.  He did receive x-rays, but no soy-free diet, medication, or medical treatment.

On June 29, 2011 Plaintiff was transferred back to Western Illinois Correctional Center.   He again informed the medical staff that he was very sick and was a carrier of infectious diseases.  Nurses Still and Hazelray revoked Plaintiff's low bunk and special shoes permit and denied him medical treatment for his vomiting, bloody stools, and urine, kidney stones, chronic pain, and other medical problems.  The next month Plaintiff did receive a low bunk permit but Dr. Baker gave no medical treatment.

On July 14, 2011 Correctional Officer Gillie took Plaintiff for a urine test, but Plaintiff was unable to urinate due to his medical problems.  Plaintiff was written a disciplinary ticket for a major violation and put in segregation.  He was released from segregation and the ticket was expunged after an investigation revealed that Plaintiff had been vomiting and did have medical conditions that might interfere with his ability to urinate.

In August 2011, Nurse Still caused Plaintiff's cane to be taken, in retaliation for Plaintiff's complaints.  The next month Nurse Still had

Plaintiff's cell "torn apart" for false reasons, also in retaliation.   Another

unidentified nurse also retaliated against Plaintiff, and a Nurse Bradbury

denied Plaintiff medical treatment.

Plaintiff seeks money damages and proper medical treatment,

including a soy free diet.

## ANALYSIS

Deliberate indifference to a serious medical need violates a

prisoner's right under the Eighth Amendment to be free from cruel and

unusual punishment.  Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir.

2008).  Plaintiff clearly states an Eighth claim for deliberate indifference

to his serious medical needs.  His own descriptions of his symptoms and

the medical records submitted as exhibits allow a plausible inference that

his medical needs are serious.  His allegations that those needs are being

ignored despite repeated pleas allows an inference of deliberate

indifference.

The challenge is determining the proper defendants.  The IDOC

Director, prison wardens, grievance counselors, correctional officers, and

administrative review board members are generally entitled to rely on the doctor's diagnosis and treatment decisions.  <u>Greeno v. Daley</u>, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Additionally, many of the persons are identified only as John or Jane Doe.

At this point Plaintiff's medical claims will proceed against the following persons identified in the amended complaint: Debra Fuqua (the health care unit administrator at Western); "Mr. Martin" (the alleged health care director at Lawrence Correctional Center); Dr. Thomas Baker (allegedly Plaintiff's treating physician at Western); and, Nurses Still, Bradbury, and Hazelray (all nurses at Western).  After these defendants have appeared, Plaintiff may serve discovery requests to identify the other "Doe" defendants who allegedly refused him medical treatment.

Plaintiff also states First Amendment retaliation claims against Nurses Still, Bradbury and Hazelray for their alleged retaliation for his

grievances.  <u>Babcock v. White</u>, 102 F.3d 267, 276 (7th Cir. 1996)(citations omitted)("The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right.").

The Court cannot discern a constitutional claim arising from Plaintiff's disciplinary ticket for failure to produce a urine sample. Plaintiff admits that he was unable to produce a sample and his ticket was expunged after an investigation revealed a medical explanation.  The writer of the disciplinary ticket did not violate Plaintiff's constitutional rights by declining to accept Plaintiff's explanation without independent corroboration.

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs and a First Amendment claim for retaliation for filing grievances.  At this

point the Eighth Amendment claim proceeds against the following

persons:  Debra Fuqua (the health care unit administrator at Western);

"Mr. Martin" (the alleged health care director at Lawrence Correctional

Center); Dr. Thomas Baker (allegedly Plaintiff's treating physician at

Western); and, Nurses Still, Bradbury, and Hazelray (all nurses at

Western).  The First Amendment retaliation claim proceeds against

Nurses Still, Bradbury, and Hazelray.  Any additional claims shall not be

included in the case, except at the Court's discretion on motion by a

party for good cause shown or pursuant to Federal Rule of Civil

Procedure 15.

2) Other than the named defendants listed in paragraph (1) above,

the remaining named defendants listed in the docket are dismissed for

failure to state a claim against them.  The "Doe" defendants listed in the

docket are dismissed and replaced by the language "various John and Jane

Doe defendants to be identified."

3) Plaintiff's motions for a preliminary injunction or temporary

restraining order to prohibit retaliation and for medical treatment are

denied (d/e's 38, 51, 53).  At this point Plaintiff has not yet demonstrated a likelihood of success on the merits of his medical claims. "'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" <u>Girl Scouts of Manitou Council, Inc. v.  Girl Scouts of U.S. of America</u>, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites omitted).  Plaintiff must do more than state a claim under notice pleading standards to obtain preliminary injunctive relief.  Additionally, Plaintiff's allegations that he fears retaliation are too vague and conclusory to warrant preliminary injunctive relief, nor do they allow a plausible inference of irreparable harm.  Further, a blanket order prohibiting undefined "retaliation" would not satisfy the requirements for preliminary injunctive relief under 18 U.S.C. § 3626(a)(2).

4) Plaintiff's motions for the appointment of counsel are denied with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own (d/e's 39, 49, 55).  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).  Typically, a plaintiff makes

this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

5) Plaintiff's motion to identify the "Doe" defendants is denied as premature (d/e 40).  Plaintiff will have an opportunity to conduct discovery to identify the names of the Doe defendants after the named Defendants have been served and have appeared through counsel.

6) Plaintiff's motion for leave to file a third amended complaint is denied as unnecessary (d/e 46).  The allegations in the third amended complaint appear substantially similar to the amended complaint already on file.

7) Plaintiff's motion for a jury trial and for a status on his pending motions is denied as moot (d/e 50).  A jury demand has already been noted on the docket, and Plaintiff's pending motions are being ruled on in this order.

8) Plaintiff's motion for status (d/e 56) and motion to expedite a ruling on his motions for a preliminary injunction and a temporary restraining order are denied as moot (d/e's 56, 57).

9) The Clerk is directed to send to each named Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

10)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

12)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

13)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

14) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local

Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

15) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 18, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough.  Plaintiff shall appear by video conference.  Defense counsel shall appear in person. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

16) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

17)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

18) The Clerk is to notify the parties of their option to consent to

14

disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED:        April 26, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

15