E-FILED
Wednesday, 12 November, 2014  11:44:39 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS KARMATZIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3373 |
| | ) | |
| DEFENDANT FUQUA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se from his incarceration in Pinckneyville Correctional Center, pursues claims for deliberate indifference to his serious medical needs during his incarceration in Western Correctional Center. On September 10, 2014, the Court granted summary judgment to Defendants on all claims, except for "Dr. Baker's handling of lung nodules reported on a CT scan of Plaintiff's lungs." (9/10/2014 Order p. 2.) The Court explained:

> The only medical condition which gives the Court pause are the lung nodules discovered on the 2010 CT scan before Plaintiff was incarcerated. The 2010 report essentially states that cancer could not be ruled out and that attention was needed. Dr. Baker did order x-rays, but he does not explain why a CT scan was not ordered instead, particularly since the March 2012 x-ray report

stated that "comparison may be better performed with a CT exam."

Id. p. 24. Dr. Baker was given an opportunity to file a supplemental summary judgment motion on that claim, which is now before the Court.

Dr. Baker explains that the x-rays show previous granulomatous disease, which does not require treatment:

> In my experience, the presence of granulomas (or nodules), in the absence of other symptoms, tests [sic] readings, or objective evidence of a more serious medical condition, do not require any specific treatment. They are instead signs of past medical conditions, where the granulomas have calcified following the expiration of the condition, such as following bronchitis or pneumonia. These granulomas are often times left behind following the recession of inflammation, or after the resolution of an infection. Most often, these granulomas (or nodules) are asymptomatic, and can be present for years, even decades, in perfectly health patients.

(Dr. Baker Aff., para. 6.); *see also*

www.mayoclinic.org/granuloma: What does it mean?[1]

---

[1] "A granuloma is a small area of inflammation in tissue. Granulomas are most often the result of an infection and most frequently occur in the lungs, but can occur in other parts of the body as well. They typically cause no signs or symptoms and are found incidentally on a chest X-ray done for some other reason. . . . Although granulomas due to histoplasmosis are noncancerous (benign), they may resemble cancer on an X-ray, especially if they haven't [yet] calcified. . . Granulomas almost never require treatment or even follow-up chest X-rays."

Granulomas which are cancerous produce symptoms such as "persistent and productive cough, chest pain, shortness of breath, changes in the voice, bronchitis or pneumonia, night sweats, or coughing up blood or phlegm," symptoms not presented in Plaintiff. (Dr. Baker Aff., para. 8.) X-rays done in 2011, 2012, and 2014, corroborate Dr. Baker's conclusion that the granulomas are benign. (Dr. Baker Aff., para 10, 16, 17.) Dr. Shah, a prison doctor who has seen Plaintiff at Pinckneyville, agrees: "The Plaintiff's nodules appear to be asymptomatic granulomas, and have showed no signs of significant change since arrival in IDOC, [and] there are no other medical indications that the nodules may be related to lung cancer or any other serious medical condition of the lungs." (Dr. Shah Aff., para 15). In fact, on this record, no doctor who has treated Plaintiff has concluded that further tests or any treatment is needed for the lung nodules.

The uncontroverted evidence demonstrates that Dr. Baker was not deliberately indifferent to any serious medical need. Dr. Baker exercised his professional judgment, relying

on the x-rays and Plaintiff's clinical presentation to rule out a serious condition or need for treatment for Plaintiff's lung nodules. No rational juror could conclude that Dr. Baker's decisions were incorrect, much less that Dr. Baker's decisions were "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [Dr. Baker] did not base the decision on such a judgment.'" Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(quoted and other cites omitted); s*ee also* Ray v. Wexford Health Sources, Inc. 706 F.3d 864 (7th Cir. 2012)(per curiam)(refusal to order MRI regarding inmate's shoulder pain was not deliberate indifference where inmate received pain medicine, frequent exams, and x-rays.); Olive v. Wexford Health Sources, Inc., 501 Fed.Appx. 580 (not published in federal reporter)(7th Cir. 2013)("[T]he Constitution does not require physicians to use MRI scans when they conclude, in the exercise of professional judgment, that x-rays suffice for diagnosis."); Duckworth v. Ahmad, 532 F.3d 675, 681 (7th Cir. 2008)(no deliberate indifference where doctor "tried to cure what he thought was

wrong . . ., an opinion he arrived at using medical judgment", even though it turned out that the inmate had cancer).

IT IS THEREFORE ORDERED:

1. Defendant Dr. Baker's motion for summary judgment is granted (d/e 257). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

2. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal

ENTER:    November 12, 2014

FOR THE COURT:

          **s/Sue E. Myerscough**
          SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE